IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CR-11-00244-PRW |
| HECTOR SALAZAR-SALAZAR, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Hector Salazar-Salazar's Motion to Reconsider (Dkt. 65). The Court **GRANTS** the Motion to Reconsider (Dkt. 65), considers the merits of his Motion for Compassionate Release (Dkt. 59), and **DENIES** the Motion for Compassionate Release (Dkt. 59).

### *Background*

In 2011, Hector Salazar-Salazar pled guilty to illegal reentry of a removed alien. Salazar-Salazar had previously been convicted of an aggravated felony and deported from the United States. After his guilty plea, he was sentenced to 84 months of incarceration. Following an unsuccessful direct appeal and an unsuccessful § 2255 motion to vacate, he filed this motion for compassionate release. In this motion, Salazar-Salazar argues seven different bases for demonstrating extraordinary and compelling reasons for release, the primary of which is an alleged heightened susceptibility to COVID-19 due to his age and medical condition. Notably, Salazar-Salazar has been fully vaccinated—receiving three

1

doses of the Pfizer COVID-19 vaccine—and previously tested positive for COVID-19, during which time he was asymptomatic.

Initially, the United States responded that it had no record of Salazar-Salazar exhausting his administrative remedies, so the Court dismissed the motion for failure to exhaust. However, after Salazar-Salazar filed a motion to reconsider, the United States found records demonstrating that Salazar-Salazar did exhaust his administrative remedies prior to filing the motion. Accordingly, the Court grants the motion to reconsider and turns to now consider the merits of the original motion for compassionate release.

## Discussion

Federal courts "generally lack jurisdiction to modify a term of imprisonment once it has been imposed."[1] District courts are "authorized to modify a defendant's sentence only in specified instances where Congress has *expressly* granted the court jurisdiction to do so."[2] However, Congress "expressly granted district courts limited jurisdiction to modify sentences in 18 U.S.C. § 3582(c)."[3] Section 3582(c) reads, in pertinent part, as follows:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

---

[1] *United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013) (citing *Dillon v. United States*, 560 U.S. 817, 819 (2010))

[2] *United States v. Baker*, 769 F.3d 1196, 1198 (10th Cir. 2014) (quoting *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006)).

[3] *Id.* at 1198.

> motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] § 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; ...
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Under the plain language of 18 U.S.C. § 3582(c)(1)(A)(i), the Court may grant a motion for a sentence reduction, whether filed by the Director of the Bureau of Prisons or a defendant, only if three requirements are met: (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) after consideration of "the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable."[4] The Court may deny compassionate-release motions when any of the three prerequisites are lacking, without addressing the others.[5] On the other hand, when granting a motion for compassionate release, the Court must address all three steps.[6]

---

[4] *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[5] *Id.* at 1043.

[6] *Id.*

*Section 3553(a) Factors*

Here, in Salazar-Salazar's case, the Court finds that the factors in 18 U.S.C. § 3553(a) weigh against granting compassionate release. Relevant § 3553(a) factors bearing on this conclusion include—but are not limited to—the nature and circumstance of his offense, his history and characteristics, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from any future crimes by Salazar-Salazar.

Salazar-Salazar is currently incarcerated because he committed deeply serious offenses. Although he is currently serving a sentence imposed for illegal reentry into the United States, this illegal reentry followed Salazar-Salazar's deportation after a felony conviction for shooting a victim in the chest with a .380 caliber pistol. Additionally, after his illegal reentry, he engaged in various other serious crimes, including assault and battery, domestic abuse in the presence of a minor child, and trafficking illegal drugs. Due to his past violent history, he is considered a high risk for recidivism, even if deported following release. Furthermore, Salazar-Salazar still has a substantial portion of his sentence remaining, and his incarceration record shows no signs of positive rehabilitation.[7]

After consideration of all the relevant factors, the Court finds that granting Salazar-Salazar release now would not reflect the seriousness of his offense, promote respect for

---

[7] *See* Inmate Disciplinary Record (Dkt. 70, Ex. 11) (recording that Salazar-Salazar obtained and possessed a dangerous weapon while incarcerated).

the law, provide just punishment, afford adequate deterrence to criminal conduct, or protect the public from future crimes by him. The Court further finds that Salazar-Salazar likely remains a danger to the community at large, that his proposed post-release plan is unsupported and contradictory to other pleaded facts, and that to release Salazar-Salazar at this time would undermine all the purposes of the sentence imposed. Therefore, after careful consideration, the Court concludes that a sentence reduction is not appropriate in this case.[8]

---

[8] Even had the Court not found that the motion should be denied after considering the 18 U.S.C. § 3553(a) factors, the motion would still be denied due to an inability to establish sufficient extraordinary and compelling reasons that necessitate compassionate release. Although Salazar-Salazar lists multiple bases for establishing extraordinary reasons for release, the only substantive basis is the medical basis deriving from the COVID-19 pandemic. However, Salazar-Salazar experienced and fully recovered from an asymptomatic case of COVID-19, likely giving him natural immunity. *See* Medical Records (Dkt. 70. Ex. 7). Additionally, Salazar-Salazar has received three doses of the Pfizer COVID-19 vaccine. *See* Immunization Records (Dkt. 70, Ex. 6). The Tenth Circuit recently discouraged district courts from finding "'extraordinary and compelling' reasons" due to COVID-19 in cases where a defendant "had either been vaccinated or been offered the opportunity to be vaccinated against COVID-19." *United States v. Hald*, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (also counseling against finding extraordinary and compelling reasons where a defendant had been infected with and recovered from COVD-19). The Bureau of Prisons reports that there is currently only one case of COVID-19 at Pollock USP, the incarceration facility where Salazar-Salazar is serving his sentence. *See* www.bop.gov/coronavirus (last accessed May 11, 2022). Judges within this district have repeatedly denied compassionate release where the defendants had serious medical conditions but had also been vaccinated against COVID-19. *See, e.g.*, Order (Dkt. 93) at 5, *United States v. Mullins*, CR-13-264-PRW (W.D. Okla. Apr. 28, 2022); Order (Dkt. 42) at 2, *United States v. Ingram*, CR-19-0005-C (W.D. Okla. June 4, 2021); Order (Dkt. 51) at 4–5, *United States v. Minor*, CR-15-00178-R (W.D. Okla. June 3, 2021); Order (Dkt. 85) at 6, *United States v. Herget*, CR-11-00081-F (W.D. Okla. May 6, 2021). In light of this persuasive authority, Salazar-Salazar's vaccine and immunity status, and the lack of widespread COVID-19 cases at Pollock USP, the Court would conclude that Salazar-Salazar has not established the extraordinary and compelling reasons necessary for compassionate release on his primary basis for such reasons.

Accordingly, after having **GRANTED** Defendant Hector Salazar-Salazar's Motion to Reconsider (Dkt. 64), the Court considers and **DENIES** his Motion for Compassionate Release (Dkt. 59).

**IT IS SO ORDERED** this 12th day of May 2022.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE